In the Matter of the Application of Myron D. Collins, Respondent, to Lay Out a Highway in the Town of Portville, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Elizabeth B. Rice McArthur, Appellant, v. The Order of the United Commercial Travelers of America, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide event. Held: 1. That the notice of claim was sufficient as a matter of law. 2. That the proof was sufficient to require the submission to the jury of the question of fact as to whether or not there had been a waiver of further notice and proofs of loss, but the complaint should be amended so as to make proof of waiver available. 3. That the proofs were sufficient to require the submission to the jury of the question of whether or not the insured, Peter H. McArthur, came to his death solely by reason of bodily injuries, reffected [sic] through accidental means. All concurred.

Frederick Thomas, Respondent, v. Solvay Process Company, Appellant. — Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that the evidence fails to establish actionable negligence against the defendant and also fails to establish that the plaintiff was free from contributory negligence. All concurred, except Robson, J., who dissented.

H. Burton Spencer and Others, Appellants, v. Jesse B. Allen, Respondent.— Judgment affirmed, with costs. All concurred.

In the Matter of the Grading and Macadamizing of Gravel Road in the Town of Ridgeway, N. Y.— Motion granted and appeal dismissed, with ten dollars costs. All concurred.

Polson Manufacturing Company, Respondent, v. Buffalo Kissel Kar Company, Appellant.— Judgment and order of Special Term and judgment of City Court reversed and a new trial granted in the City Court, with costs to appellant to abide event. New trial to be had in the City Court on the 19th day of March, 1913, at ten A. M. Held, that the issue as to the automobile body not having been decided by the judge of the City Court, and the facts being in dispute, it was error for the Special Term to determine that issue and modify the judgment. The judgment of the City Court should have been reversed and a new trial granted. (See *Duclos* v. *Kelley*, 197 N. Y. 76; *Farrell* v. *Farrell*, 205 id. 450; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 id. 166.) All concurred.

In the Matter of the Judicial Settlement of the Accounts of Keta E. Kester, as Administratrix, etc., of Edwin J. Kester, Deceased, Respondent. Clara Haynes and Others, Appellants.— Decree affirmed, with costs. All concurred.

John Kinell, Respondent, v. Lehigh Valley Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred.